IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JASON ALAN JUSTICE,**
            **Petitioner,**

      v.                              CASE NO. 06-3233-SAC

**DAVID McKUNE,**
**et al.,**           **Respondents.**

### MEMORANDUM AND ORDER

This is a petition for writ of habeas corpus, 28 U.S.C. 2254, filed by an inmate of the Lansing Correctional Facility (LCF). Petitioner has also submitted an "Inmate Account Statement," which has been filed as a Motion for leave to Proceed Without Prepayment of Fees (Doc. 2). The account statement indicates petitioner has no funds, and his motion should be granted.

Petitioner was convicted in a jury trial in the Sedgwick County District Court, Wichita, Kansas, on March 14, 2002, of two counts of aggravated indecent liberties with a child, and sentenced to 36 months in prison and 36 months post release supervision. His convictions were affirmed by the KCOA, before whom he states he claimed ineffective assistance of counsel, cumulative trial errors, and improper admission of taped confession at trial. His Petition for Review to the Kansas Supreme Court was denied. He does not know the dates of his appeals. He alleges he has not filed a post-conviction motion.

**CLAIMS**

As ground one, petitioner claims "Actual innocence, judgment of acquittal erroneously denied." In support, he states he was injured and unable to commit offense; the victims lied as confirmed by the police report, preliminary hearing, and trial; his confession was not voluntary; his request for counsel before he confessed was denied; his attorney failed to object; prosecutorial misconduct; ineffective appellate attorney failed to raise many issues; and he was not provided transcripts "to continue from appellate defender."

Petitioner alleges he did not raise ground one in his direct appeal because the appellate defender failed to raise it.

As ground two, petitioner claims the State prosecutor denied him a fair trial. He alleges in support that the prosecutor erroneously used his taped confession at trial, and that the KCOA should have reversed based on "tainted evidence" and his involuntary, coerced confession. He also mentions cumulative error. He states he raised ground two on appeal.

As ground three, petitioner alleges both his trial and appellate defense counsel were ineffective. He claims his trial attorney failed to call key witnesses, "object to certain things," and gave him "improper advice." He further alleges his request to fire his defense counsel before trial was denied. He also alleges his appellate defender failed to raise "several issues as to (his) sentence," and failed to give him copies of the docketing statement and the trial transcripts. He claims the trial judge had to be reminded of his Motion for Acquittal.

Petitioner first states he exhausted ground three by direct

2

appeal, but then answers "no" to the question whether he raised this issue on direct appeal.

As ground four, petitioner claims the Kansas Supreme Court failed to review and reverse his case, "as federal law requires," and per its own rules and "Kansas' own laws."

He states ground four was not raised on direct appeal.

**FAILURE TO SHOW EXHAUSTION OF STATE COURT REMEDIES**

28 U.S.C. 2254(b)(1) provides: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State;" or the applicant shows that State corrective process is either unavailable or ineffective. 28 U.S.C. 2254(b)(1)(B). Petitioner by his own admission has not exhausted state remedies on each and every claim raised in his federal Petition[1]. He does not allege facts showing there is an absence of State corrective process. He shall be given time to show cause why this action should not be dismissed for failure to fully exhaust state remedies.

---

[1] If counsel was ineffective for failing to raise certain claims, petitioner must have raised a claim of ineffective assistance of counsel based on that failure, stating each claim that should have been but was not raised, to the highest state court by either direct appeal or post-conviction motion. Petitioner does not explain why he failed to raise those claims he alleges were not presented by his counsel on direct appeal by a state post-conviction motion such as one filed under K.S.A. 60-1507.

3

**NON-HABEAS CLAIMS**

Some of petitioner's allegations are challenges to the conditions of his confinement at LCF, rather than his state convictions, and may not be raised in a habeas corpus petition. Moreover, an inmate must have sought relief from allegedly unconstitutional conditions by way of the available administrative remedies at the prison before raising them in federal court.

Petitioner claims he is having problems with access to legal materials, a law library, and obtaining copies; in being allowed contact with his mother; and with mail interference, among other things. These claims are challenges to his conditions of confinement. Petitioner does not show that any court action or motion filed by him has been denied or dismissed due to his alleged lack of access. Thus, he fails to state a constitutional claim of denial of access. These allegations are dismissed, without prejudice, as not properly raised in this habeas action, and for failure to show exhaustion of administrative remedies.

**TIMELINESS OF FEDERAL PETITION**

Under 28 U.S.C. 2244(d)(1) a person in custody pursuant to a state court judgment has a one-year period from the date his conviction becomes "final" in which to file a 2254 petition in federal court. This limitation period is tolled during the time "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending." 28 U.S.C. 2244(d)(2). However, Mr. Justice alleges he has not filed any state post-conviction motion.

Mr. Justices' 2002 state court convictions became "final" after the Kansas Supreme Court denied a Petition for Review (February 11, 2004), and the 90-day period expired for filing a Petition for Writ of Certiorari in the United States Supreme Court. Thus, it appears the statute of limitations began running in this case around May 12, 2004. Gibson, 232 F.3d at 804. It appears petitioner took no further action until August 16, 2006, when he executed the instant federal Petition. From these facts, absent equitable tolling, the statute of limitations expired on or around May 12, 2005, over a year before petitioner filed his federal Petition.

The limitations period may be subject to equitable tolling; however, the burden is on the petitioner to show that "extraordinary circumstances prevented him from filing his petition on time." The Tenth Circuit Court of Appeals explained equitable tolling in Gibson, 232 F.3d at 808. They held that equitable tolling is warranted only in "rare and exceptional circumstances." Id., *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Gibson, 232 F.3d at 808; Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied,

5

531 U.S. 1194 (2001). For example, the Tenth Circuit has stated that equitable tolling is appropriate where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Gibson, 232 F.3d at 808; Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).

Petitioner makes several allegations in his Petition, which he apparently asserts as extraordinary circumstances excusing the untimely filing of his federal Petition. However, his alleged lack of knowledge regarding the statute of limitations, and his failure to obtain copies of transcripts and court records in his case, without a showing of his own diligence for over a year in seeking to obtain those materials, are not sufficient to entitle him to equitable tolling. Nor is his conclusory claim of actual innocence sufficient, which is not supported by factual allegations other than those apparently available at trial.

Having considered all the materials filed, the court finds this Petition is subject to being dismissed as time-barred under 28 U.S.C. 2244(d)(1), and/or for failure to exhaust state court remedies on all his claims. Petitioner shall be given twenty (20) days to show cause why this action should not be dismissed for the reasons stated in this Memorandum and Order.

## **MOTION FOR APPOINTMENT OF COUNSEL**

The court has considered petitioner's Motion To Appoint counsel

6

(Doc. 3) and finds it should be denied at this juncture. Petitioner is not entitled to counsel in a federal habeas corpus proceeding, and this Order requires that he state facts rather than legal arguments regarding exhaustion and the untimeliness of his claims.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days to show cause why this action should not be dismissed as untimely, and/or for failure to exhaust state court remedies on all his claims.

**IT IS FURTHER ORDERED** that petitioner's claims regarding conditions of his confinement are dismissed, without prejudice, as not properly raised in this federal habeas corpus action and for failure to show exhaustion of administrative remedies.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted, and his Motion to Appoint Counsel (Doc. 3) is denied.

**IT IS SO ORDERED.**

Dated this 11th day of September, 2006, at Topeka, Kansas.

                                                        s/Sam A. Crow
                                                        U. S. Senior District Judge