IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,
               Petitioner,

     v.                              CASE NO. 06-3233-SAC

DAVID McKUNE,
et al.,            Respondents.

**MEMORANDUM AND ORDER**

On September 11, 2006, this court entered a Memorandum and Order finding this action subject to being dismissed as time-barred and for failure to exhaust state court remedies on all claims. Petitioner was given time to show cause why this action should not be dismissed for the reasons stated in the court's Memorandum and Order. Petitioner has since filed a Memorandum in response[1] (Doc. 6), a Motion for Discovery (Doc. 7), and a "Motion for Protection from Inaddiquate (sic) Legal Practice and Action" (Doc. 8). Having considered all the materials filed by petitioner, the court finds as follows.

**TIMELINESS OF FEDERAL PETITION**

In its Memorandum and Order dated September 11, 2006, this court set forth tentative facts indicating petitioner had not filed this federal Petition within the one-year statute of limitations as required by 28 U.S.C. 2244(d)(1). Petitioner was directed to respond as to why this action should not be dismissed as time-

---

[1] The last page of this Memorandum (Doc. 6) has no caption, but "Motion for Special Power of Attorney" is written at the top. No discernible relief is sought therein. Thus, this page was not docketed and is not treated as a separate motion.

barred. He was advised that his allegations apparently asserted to excuse the untimeliness of his Petition were not adequate.

In his Memorandum (Doc. 6), treated as his Response to the Court's Order to show cause why this action should not be dismissed, petitioner contends that if all the errors he alleges occurred during his state criminal proceedings had not occurred he would not have been convicted and "is therefore actually innocent." He states his actual innocence is a matter of record.

Petitioner's allegations are nothing more than a rehash of Mr. his challenges to his state criminal proceedings and convictions. He does not present any new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, not available at the time of his state proceedings. See Schlup v. Delo, 513 U.S. 298, 324 (1995). Thus, the court concludes petitioner does not allege facts to support his argument that the untimeliness of his Petition should be excused due to his actual innocence.

Petitioner also responds he has been "very diligent" in pursuing his claims, but was never informed of the statute of limitations or what he should do after the last letter from his appellate attorney. He alleges he and others on his behalf have made "continuous efforts to ask by letter and/or personal conversations judges and attorneys what to do next." He states one judge merely forwarded his letter to the trial judge in his case, and the Kansas Defender Project "requested transcripts before they could help" him. Although he alleges no one else even responded, he also claims attorneys would not consult with him without a fee,

which he could not provide due to his poverty. He states he was nearly homeless while on supervised release.

Petitioner provides no copies of correspondence sent or received by him in an attempt to obtain copies of his transcripts, legal advice or assistance, or legal information. His conclusory allegations that he was unable to find out what to do and obtain his trial transcripts are not supported by sufficient factual allegations showing his due diligence during the times the statute of limitations was running in this case. Petitioner was informed in the court's prior Memorandum and Order that he must "demonstrate that extraordinary circumstances beyond his control prevented him from filing his petition on time, and that he diligently pursued his claims throughout the period he seeks to toll." See Fisher v. Gibson, 262 F.3d 1135, 1143 (10th Cir. 2001. He was specifically informed that his lack of knowledge of the statute of limitations was not an "extraordinary circumstance." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.)(petitioner's alleged lack of awareness of limitation period insufficient basis for equitable tolling), cert. denied, 525 U.S. 891 (1998); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(same). The court concludes petitioner has not alleged facts entitling him to equitable tolling.

**EXHAUSTION OF STATE COURT REMEDIES**

In this court's Memorandum and Order filed September 11, 2006, petitioner was also directed to show cause why this action should not be dismissed for failure to exhaust state court remedies on all claims he attempts to raise in his federal Petition. In his

response, petitioner alleges his appellate counsel failed to address many issues during his direct appeal and that "the appellate defender's office is only allowed to raise three (3) issues per appeal." He thus asserts he was denied appeal on many issues. He also faults his appellate counsel for failing to provide him with copies of his transcripts and to respond to many letters. He further seems to argue he has exhausted because the Kansas Supreme Court denied his Petition for Review on direct appeal and would not now consider claims he could have raised in his direct appeal. He asserts there is an absence of corrective process as a result.

Clearly, petitioner should have, but did not, raise any claims he may have of ineffective assistance of appellate counsel by state post-conviction motion. It thus appears he failed to exhaust state court remedies on all his claims. However, the court declines to explicitly decide whether or not any of his claims are either unexhausted or procedurally defaulted, because this action must be dismissed as time-barred.

## MOTION FOR DISCOVERY

In his Motion for Discovery (Doc. 7), petitioner asks for "all documents concerning" his 2254 motion, so he may address "all pending issues," ascertain the truth of his allegations, prove his claims, and obtain relief. This motion is denied as moot.

## OTHER MOTIONS AND REQUESTS

Petitioner alleges in his "Motion for Protection from Inaddiquate (sic) Legal Practice and Action" (Doc. 8) that he is not

a lawyer or experienced in legal practices, and generally asks that he not "be held accountable" for any inadequate action on his part in this habeas action due to his legal inexperience and lack of legal representation. The motion is denied as without apparent legal or factual basis. This court is obligated to liberally construe allegations in this pro se Petition, and Mr. Justice is not required to present legal arguments. Thus far in these proceedings, petitioner has been required to present facts showing exhaustion of state court remedies on all his claims and that his federal Petition was timely filed. It now plainly appears that before filing this action, Mr. Justice failed to comply with the statute of limitations applicable to his federal Petition. He is not excused from adhering to statutory prerequisites by his alleged legal inexperience and lack of legal representation.

In his responsive Memorandum (Doc. 6), petitioner requests that, in the event his Memorandum "does not satisfy the court's needs," he be given additional time "to expound more as to the issues" with further direction from the court. He also moves the court to appoint counsel.

The court finds that this action was not filed within the statutory time limit. The court further finds petitioner has not alleged facts, as required by the court's prior order, showing either his Petition was timely or he is entitled to equitable tolling. The allegations made in response to the court's prior order do not indicate that additional time would allow Mr. Justice to allege material facts establishing his entitlement to equitable tolling. Thus, the court denies petitioner's request for additional

time and direction. It also denies his request for appointment of counsel as moot.

**IT IS THEREFORE ORDERED** that this action is dismissed as time-barred and all relief is denied.

**IT IS FURTHER ORDERED** that petitioner's Motion for Discovery (Doc. 7), Motion for Protection from Inaddiquate (sic) Legal Practice and Action (Doc. 8), request for additional time (Doc. 6) and request for appointment of counsel (Doc. 6) are denied.

**IT IS SO ORDERED.**

Dated this 10th day of October, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge