IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JASON ALAN JUSTICE,**
     Petitioner,

   v.         CASE NO. 06-3233-SAC

**DAVID McKUNE,**
**et al.,**    Respondents.

**O R D E R**

On October 10, 2006, this court entered a Memorandum and Order dismissing this petition for writ of habeas corpus, 28 U.S.C. 2254, as time-barred. Petitioner has filed a Notice of Appeal, which was initially received by the U.S. Court of Appeal for the Tenth Circuit on May 14, 2007.

The notice of appeal in this case must have been filed with the district court clerk "within 30 days after the judgment or order appealed from is entered." FRCP Rule 4(a)(1)(A). The district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) . . . that party shows excusable neglect or good cause.

FRAP Rule 4(a)(5)(A)(i),(ii). The time limits set forth in Rule 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978); Senjuro v. Murray, 943 F.2d 36, 37 (10th Cir. 1991); Bishop v. Corsentino, 371 F.3d 1203, 1206 (10th Cir. 2004). If no notice of appeal is filed before the deadline provided by Rule 4(a)(1) [or a new deadline set pursuant to Rule 4(a)(5)], the appellate court lacks jurisdiction to hear the appeal.

Petitioner did not file his notice of appeal within 30 days after the judgment was entered in this case. Nor did he move for an extension of time to file a notice of appeal "no later than 30 days after the time" to appeal expired. Petitioner filed nothing within the 60 days following the entry of judgment. As a consequence, his right to appeal has been extinguished beyond revival by either the Tenth Circuit Court of Appeals or this district court. See <u>Mayfield v. USPC</u>, 647 F.2d 1053, 1055 (10th Cir. 1980)(failure to make motion before end of 30-day grace period extinguishes litigant's right to appeal beyond revival by either Circuit or district court); <u>Certain Underwriters at Lloyds of London v. Evans</u>, 896 F.2d 1255, 1256 (10th Cir. 1990). There is no motion for extension of time to file an appeal or motion to file late appeal pending before this court. The court concludes petitioner's notice of appeal is not timely.

**IT IS THEREFORE ORDERED** that the court declines to issue a certificate of appealability, that the appeal is not taken in good faith, and that petitioner is denied leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

Dated this 25th day of May, 2007, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge